IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**

v.  CAUSE NO. 1:17CR143-LG-JCG-1
CIVIL ACTION NO. 1:20CV221-LG

**DEMETRIUS DARNELL MASON**

### ORDER DENYING DEFENDANT'S PETITION FOR RELIEF AND MOTION TO VACATE SENTENCE UNDER 28 U.S.C. § 2255

**BEFORE THE COURT** are the [67] Petition for Relief, which this Court has construed as a Motion to Vacate Sentence Under 28 U.S.C. § 2255, and the [69] Amended Motion to Vacate Sentence Under 28 U.S.C. § 2255 filed by Defendant Demetrius Darnell Mason. After reviewing the Motions, the record in this matter, and the applicable law, the Court finds that both Motions should be denied.

### BACKGROUND

On December 13, 2017, Mason was indicted for one count of conspiracy to possess with intent to distribute a mixture or substance containing a detectable amount of methamphetamine, as well as one count of possession with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine. Mason pled guilty to the possession charge, and the conspiracy charge was dismissed pursuant to his plea agreement with the Government. On June 5, 2018, the Court sentenced Mason to 292 months imprisonment and five years of supervised release.

On June 2, 2020, Mason filed a Petition for Relief in which he argued that the Court erred in applying an enhancement for possession of a firearm pursuant to U.S.S.G. § 2D1.1(b)(1). Mason claimed to seek relief pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). The Court issued an [68] Order taking the Petition under advisement and notifying Mason that it intended to treat his Petition as a § 2255 Motion. The Court gave Mason the option of either filing an amended § 2255 Motion in the proper form or withdrawing his Petition for Relief. The Court cautioned Mason that, if he wished to proceed with a § 2255 Motion, any subsequent Motions would be treated as second or successive motions requiring certification from the Fifth Circuit. Mason elected to file an amended § 2255 [69] Motion.[1] Mason once again claims that the Court improperly imposed an enhancement for possession of a firearm. He also argues that the Court should not have imposed an enhancement for importation pursuant to U.S.S.G. § 2D1.1(b)(5) because the Government did not establish that the methamphetamine had been imported into the country.

## DISCUSSION

Contrary to Mason's assertions, the Court sustained Mason's objection to the gun enhancement that was proposed in the Pre-Sentence Investigation Report. In other words, the Court did *not* impose the § 2D1.1(b)(1) enhancement that Mason

---

[1] Although the Clerk of Court provided Mason with the appropriate form for filing a § 2255 Motion, Mason did not use the form. The Court has determined that it would be futile to require Mason to once again refile his Motion in the proper form, because his requests for § 2255 relief are not well-taken.

references in his pleadings.  (Statement of Reasons, ECF No. 44.)  Therefore, his Motions are denied to this extent.

As for Mason's remaining claim, the one-year limitation period runs from the latest of (1) the date the judgment of conviction becomes final, (2) the date on which an illegal, government-created impediment to making the motion is removed, (3) the date on which a right asserted was newly recognized by the Supreme Court for the first time – provided that right was made retroactively applicable to cases on collateral review, or (4) the date on which facts supporting the claim presented could have been discovered through the exercise of due diligence.  28 U.S.C. § 2255(f).  Where a defendant does not file a direct appeal, "[t]he conviction becomes final for purposes of § 2255 upon the expiration of the [14]-day period for filing a direct appeal."  *United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008).[2]

Since Mason did not file a direct appeal and he does not raise any arguments based on new facts or a newly recognized right, his conviction became final fourteen days after sentencing, on June 29, 2018.  As a result, Mason was required to file his § 2255 Motion on or before June 29, 2019.  Mason's request for § 2255 relief is barred by the statute of limitations.  He attempts to overcome this bar by asserting actual innocence, but he provides no evidence in support of his claim of actual innocence.  *See McQuiggin v. Perkins*, 569 U.S. 383, 401 (2013) (holding that a

---

[2] The *Plascencia* Court analyzed a previous version of Federal Rule of Appellate Procedure 4(b), before the 2009 Amendments extended the original ten-day period for filing an appeal to fourteen days.  *See* Fed. R. App. P. 26 advisory committee's note to 2009 amendment.

showing of actual innocence requires "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of non-harmless constitutional error."). Furthermore, actual innocence generally only applies when the petitioner demonstrates he is actually innocent of the underlying crime, not where, as here, the petitioner merely disputes application of a sentencing enhancement. *See, e.g., In re Bradford*, 660 F.3d 226, 230 (5th Cir. 2011).

In addition, Mason waived the right to contest his sentence "in any post-conviction proceeding, including but not limited to a motion brought under Title 28, United States Code, Section 2255," when he entered into the Plea Agreement with the Government. (Plea Agreement, at 5, ECF No. 32.) The only claims excepted from this waiver are ineffective assistance of counsel claims, which Mason does not raise here. (*See id.*) As a result, Mason's Motions seeking relief pursuant to § 2255 are denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the [67] Petition for Relief and [69] Motion to Vacate Sentence Under 28 U.S.C. § 2255 filed by Defendant Demetrius Darnell Mason are **DENIED**.

**SO ORDERED AND ADJUDGED** this the 11th day of August, 2020.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE